IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2193-D

| | | |
|---|---|---|
| JOEL SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN R. MCRAE, | ) | |
| | ) | |
| Respondent. | ) | |

Joel Sanchez ("Sanchez" or "petitioner"), a federal inmate proceeding pro se, petitions the court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]; Mem. Supp. Pet. [D.E. 1-1] 1–8; Exs. [D.E. 1-1] 9–15. The court grants Sanchez's application to proceed in forma pauperis [D.E. 2], denies as moot Sanchez's motion to expedite [D.E. 3], and conducts its preliminary review. See 28 U.S.C. § 2243. As explained below, the court dismisses the petition.

Sanchez argues that the Bureau of Prisons has failed to apply all of his earned time credits towards his eligibility date for placement on home confinement or in a halfway house. See Pet. at 2–4; Mem. Supp. Pet. [D.E. 1-1] 1–4. Sanchez submitted a grievance approximately two weeks before he signed his petition, but contends that the Bureau of Prisons's administrative remedy procedure "does not provide an available remedy, since any claim in habeas would be moot before exhaustion was completed because Sanchez claims that he is entitled to immediate release from prison and exhaustion would take longer than the remainder of his sentence." [D.E. 1-1] 5.

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, a prisoner challenging the execution of his sentence generally must exhaust administrative remedies before seeking review in federal court. See Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished); Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010). The Bureau

of Prisons provides a four-step, sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). Sanchez acknowledges that he has not presented the claims in his petition to the Bureau of Prisons. Accordingly, the court dismisses the petition without prejudice.

After reviewing the claim presented in Sanchez's habeas petition under the applicable standard, the court determines that reasonable jurists would not find the court's treatment of Sanchez's claim debatable or wrong, and the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

In sum, the court DISMISSES petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] WITHOUT PREJUDICE as unexhausted. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of October, 2025.

JAMES C. DEVER III
United States District Judge