IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2193-D

| | | |
|---|---|---|
| JOEL SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN R. MCRAE, | ) | |
| | ) | |
| Respondent. | ) | |

On August 13, 2025, Joel Sanchez ("Sanchez" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On October 21, 2025, the court reviewed the petition under 28 U.S.C. § 2243 and dismissed the petition for failure to exhaust administrative remedies [D.E. 9]. Sanchez moves for reconsideration [D.E. 11]. As explained below, the court denies Sanchez's motion.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See, e.g., Nicholson v. Durant, 162 F.4th 417, 422 (4th Cir. 2025); Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 650, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Although Rule 59(e) does not specify a standard for granting a motion to alter or amend, the Fourth Circuit recognizes three reasons for granting a motion under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); see

Nicholson, 162 F.4th at 422–23; Ingle ex rel. Est. of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Sanchez argues that "the BOP administrative process was not capable of use" because "the Mid-Atlantic Regional Office and BOP Central Office . . . suspended processing of administrative remedies due to the government non financing" in October 2025, after Sanchez filed his petition. [D.E. 11] 2. This argument fails to demonstrate an intervening change in controlling law, new evidence, or a clear error of law. See Jones v. Rust Consulting, No. CV 19-33, 2019 WL 4855205, at *3 (D. Minn. Aug. 19, 2019) (unpublished), report and recommendation adopted, 2019 WL 4821510 (D. Minn. Oct. 1, 2019) (unpublished); Bartko v. U.S. Dep't of Just., No. CV 13-1135, 2014 WL 12787640, at *6 (D.D.C. Sept. 9, 2014) (unpublished); cf. United States v. Rios, No. CR 19-00006, 2021 WL 141238, at *2 (D. Haw. Jan. 14, 2021) (unpublished); Smith v. Heisner, No. 19 C 6186, 2020 WL 1467405, at *3 (N.D. Ill. Mar. 26, 2020) (unpublished).

Alternatively, Sanchez's motion fails to meet Rule 60(b)'s threshold requirements. Thus, the court denies it. See Fed. R. Civ. P. 60(b); Allen v. Stein, __ F.4th __, 2026 WL 179560, at *11–12 (4th Cir. 2026); Aikens v. Ingram, 652 F.3d 496, 500–01 & n.3 (4th Cir. 2011) (en banc); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993).

In sum, the court DENIES petitioner's motion for reconsideration [D.E. 11].

SO ORDERED. This 3 day of February, 2026.

JAMES C. DEVER III
United States District Judge